UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

OCT 11 2007

CIVIL ACTION NO. 07-CV-154-DLB

ALLEN GEROD JONES                                                                   PLAINTIFF

VS:                  **MEMORANDUM OPINION AND ORDER**

GRANT COUNTY DETENTION CENTER                            DEFENDANT

\*\* \*\* \*\* \*\* \*\*

Allen Gerod Jones, who is confined in the Grant County Detention Center in Williamstown, Kentucky, has filed a civil rights complaint under 42 U.S.C. § 1983 and a Motion to Proceed *in forma pauperis*. The Motion will be granted by separate Order.

The Court screens prisoner civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Jones is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

## CLAIMS

Naming the Grant County Detention Center [hereinafter "the Jail"] as the sole Defendant, Plaintiff alleges that the conditions at the Jail violate his civil rights and Kentucky law.

## RELIEF REQUESTED

Plaintiff seeks "compensation for mental anguish and health risks and Jail investigated."

## ALLEGATIONS

Plaintiff Jones has submitted a partially completed complaint form, on which he has written minimally. He states that he arrived at the Jail on June 14, 2007, and that in the three months since then,

> I have been denied proper medical treatment for sleep apneia [sic]. I have been denied a C-pap machine used for sleep apneia , , , , Therefore, my life has been put at great risk and also my health has been damaged.

Record No. 3 at 2. Plaintiff also states that his civil rights have been violated by the unsanitary living conditions at the Jail and that he has been denied his request for grievance forms in violation of a Kentucky law requiring county jails to have grievance systems.

## DISCUSSION

In a Section 1983 civil rights action, a plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

Plaintiff has met neither of these requirements. A broad accusation that his "civil rights have been violated by the unsanitary living conditions" is insufficient pleading to survive initial screening. With regard to the sufficiency of *pro se* pleadings, the Sixth Circuit has noted:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per

2

> curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g., id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unpled allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D. D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The pleadings herein have not set forth the factual or constitutional basis of the sanitation or medical claims in a manner that gives the defendants proper notice and does not require either the defendants or this court to "conjure up unpled allegations." *Id.* The complaint is unclear what is unsanitary about his surroundings or how Plaintiff's health been impacted.

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

The federal courts have ruled consistently that when a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under §1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Even had the Plaintiff in the case *sub judice* plead the facts with more specificity, still his

3

complaint is deficient as to the Defendant(s), the second component for stating a civil rights claim. He has identified no persons who were deliberately indifferent to his medical needs or imposed the unsanitary conditions while acting under color of state law. Jones names only the Grant County Detention Center as the Defendant, and Kentucky's Grant County Detention Center is not a "person" subject to suit under § 1983, because municipal departments, such as jails, are not suable under § 1983. *See Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.,* No. 99-6706, 2000 U.S.App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).

Finally, to the extent that the Petitioner asserts a violation of state law, he is advised that the federal court has no jurisdiction over state claims, absent a federal cause of action. As the federal claims in this petition will be dismissed, so, too will the pendent state claims be dismissed. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966); *Gregory v. Hunt, et al.,* 24 F.3d 781 (6th Cir. 1994); *Kitchen v. Chippewa Valley Schs.,* 825 F.2d 1004 (6th Cir. 1987).

Accordingly, the instant complaint must be dismissed for failure to state a claim upon which relief may be granted, the dismissal of this action to be without prejudice to Jones' bringing the same claims at a later time in a properly pled complaint.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that Allen Gerod Jones' cause of action herein will be **DISMISSED**, without prejudice, and a contemporaneous Judgment shall issue in favor of the Defendant.

This 11th day of October, 2007.



Signed By:
*David L. Bunning*
United States District Judge